No. _____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

IN RE DUSTIN JOHN HIGGS,

**Movant.**

APPLICATION FOR LEAVE TO FILE
A SUCCESSIVE MOTION
UNDER 28 U.S.C. § 2255

Matthew C. Lawry
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

Movant, Dustin John Higgs, through undersigned counsel, respectfully requests that this Court, pursuant to 28 U.S.C. § 2244(b)(3), authorize him to file a successive motion under 28 U.S.C. § 2255(h)(2).  Mr. Higgs makes this request so that he may immediately assert a challenge to his convictions for using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c).  Specifically, Mr. Higgs seeks to challenge his § 924(c) convictions based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Johnson* held that the residual clause in the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)) is unconstitutionally vague.  From *Johnson*, it follows that 18 U.S.C. § 924(c)(3)(B), which defines the "crime of violence" element for purposes of a § 924(c) offense, is also unconstitutionally vague.  Therefore, Mr. Higgs's § 924(c) convictions and the resulting death sentences cannot be sustained.

As explained below, Mr. Higgs can make a prima facie showing, as required by 28 U.S.C. § 2244(b)(3) and § 2255(h)(2), and this Court should allow the district court an opportunity to consider the merits of his application.

## INTRODUCTION

On October 11 2000, Mr. Higgs was convicted of three counts of using a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 5, 10 and 15).[1] Specifically, the § 924(c) counts alleged that the underlying "crimes of violence" for the § 924(c) charges were murder and kidnapping, in violation of 18 U.S.C. §§ 1111 and 1201. However, post-*Johnson,* as explained in the attached 28 U.S.C. § 2255 motion, murder and

---

[1] Mr. Higgs was also convicted of three counts of premeditated murder (18 U.S.C. § 1111); three counts of felony murder (18 U.S.C. § 1111); and three counts of kidnapping resulting in death (18 U.S.C. § 1201(a)(2)).

kidnapping fail to categorically qualify as "crime[s] of violence." *See* Exhibit 1 (Proposed

Motion to Correct Sentence under 28 U.S.C. § 2255). Therefore, Mr. Higgs's § 924(c)

convictions are void.

As explained in detail in the proposed § 2255 motion, the relevant portion of § 924(c)

defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly

referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the

residual clause.[1] The residual clause is now void for vagueness in light of *Johnson*, and both

murder and kidnapping fail to categorically qualify as a "crime of violence" under the remaining

force clause. Therefore, the "crime of violence" element cannot be satisfied here under § 924(c),

and the convictions are unconstitutional.

To begin with, in *Johnson*, the Supreme Court struck down the Armed Career Criminal

Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S.

Ct. at 2557. Under *Johnson*, § 924(c)'s materially indistinguishable residual clause (§

924(c)(3)(B)) must similarly be stricken as unconstitutional. Indeed, the Ninth Circuit in

*Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), and the Seventh Circuit in *United States v.*

*Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015), recently struck down an identical residual clause – 18

U.S.C. § 16(b) – as unconstitutionally vague in light of *Johnson*. The rationale of *Dimaya* and

*Vivas-Cejas* equally applies to the determination of whether an offense qualifies as a "crime of

---

[1] Under § 924(c)(3), "crime of violence" is defined as follows:

> (3)      For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
>
>      (A)      has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>      (B)      that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

violence" under 18 U.S.C. § 924(c). Relying on the same reasoning of *Dimaya* and *Vivas-Ceja*, two district courts recently found that the § 924(c) residual clause was void for vagueness. *See United States v. Lattanaphom*, ___ F.Supp.3d ___, 2016 WL 393545 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, ___ F.Supp.3d ___ , 2015 WL 9582736 (D. Md. Dec. 30, 2015). As further detailed in the attached § 2255 motion, these cases compel the same conclusion here.

Likewise, the murder and kidnapping charges in Mr. Higgs's case do not qualify as "crimes of violence" under § 924(c)'s remaining force clause (§ 924(c)(3)(A)). They do not because neither murder nor kidnapping has as an element the use, attempted use, or threatened use of violent physical force, and either can be accomplished without the *intentional* use, attempted use, or threatened use of the same. Therefore, murder and kidnapping fail to categorically qualify as "crime[s] of violence," and Mr. Higgs's § 924(c) convictions are void.

As a result, Mr. Higgs's § 924(c) convictions 1) violate due process, 2) violate the United States laws and result in a fundamental miscarriage of justice, and 3) were entered in excess of the district court's jurisdiction.

Mr. Higgs urges this Court to authorize his application for a successive petition so that he can pursue the above-described *Johnson* claim in district court. Because Mr. Higgs has previously pursued a collateral attack on his conviction and sentence, he must first seek authorization from this Court to file a successive petition. 28 U.S.C. § 2244(b)(3). This Court may authorize the filing of a second or successive application when the petitioner makes a "prima facing showing" that his or her proposed claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

The Court's decision in *Johnson* is a substantive rule that is retroactively applicable. *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016).

Because *Johnson* announced a new substantive rule of constitutional law that has been made retroactive by the Supreme Court, Mr. Higgs can make a prima facie showing that he is entitled to pursue a successive § 2255 petition.

## PROCEDURAL HISTORY

### A.  Trial and sentencing

On October 11, 2000, Mr. Higgs was convicted following a jury trial of three counts of use of a firearm in the commission of a crime of violence (Counts 5, 10 and 15), pursuant to 18 U.S.C. § 924(c), in addition to a combined nine counts of premeditated murder, felony murder, and kidnapping resulting in murder.  *United States v. Haynes et al.*, Crim. No. PJM-98-0520.

On January 5, 2001, the District Court sentenced Mr. Higgs to death on the capital counts, and to five years consecutive to the capital offenses on Count 5; 20 years consecutive to Count 5 on Count 10; and 20 years consecutive to Count 10 on Count 15.

### B.  Direct appeals

Mr. Higgs appealed to this Court, which upheld the convictions and sentences on direct appeal.  *United States v. Higgs*, No. 01-3, 353 F.3d 281 (4th Cir. 2003).

While the direct appeal was pending, Mr. Higgs filed a motion for a new trial, alleging that the government had withheld *Brady* material relating to two witnesses.  The District Court denied the motion for new trial, and this Court again affirmed.  *United States v. Higgs*, No. 03-19, 95 F. App'x 37 (4th Cir. 2004).  Certiorari was denied with respect to each appeal.  *Higgs v. United States*, 542 U.S. 999 (2004); *Higgs v. United States*, 543 U.S. 1004 (2004).

**C.    Previous 2255 petitions**

On November 28, 2005, Mr. Higgs filed a motion for relief under 28 U.S.C. § 2255 (attached as Exhibit 2).  On April 7, 2010, the District Court denied the § 2255 motion.  *United States v. Higgs*, Civil No. PJM-05-3180, 711 F. Supp. 2d 479 (D. Md. 2010) (attached as Exhibit 3).  On November 23, 2011, this Court affirmed the denial of relief.  *United States v. Higgs*, No. 10-7, 663 F.3d 726 (4th Cir. 2011) (attached as Exhibit 4).  The United States Supreme Court denied certiorari on December 10, 2012.  *Higgs v. United States*, 133 S. Ct. 787 (2012).

On December 4, 2014, Mr. Higgs moved for relief from the judgment in the § 2255 proceeding, pursuant to Fed. R Civ. P. 60(d).  *United States v. Higgs*, Crim. No. PJM-98-0520, Civil No. PJM-05-3180 (attached as Exhibit 5).  The motion for relief from judgment is still pending in the District Court.

**D.    *Johnson v. United States***

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551.  In *Johnson*, the Court overruled *Sykes v. United States*, 131 S. Ct. 2267 (2011), and *James v. United States*, 550 U.S. 192 (2007), and invalidated the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause.  In *Johnson*, the Court held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process.  Specifically, the Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.  Finding the residual clause "vague in all its applications[,]," the Court overruled its contrary decisions in *Sykes* and *James.  Id.* at 2562-63.

**E.** *Welch v. United States.*

After *Johnson* was decided, federal prisoners throughout the country sought to challenge their ACCA-enhanced sentences, as well as convictions and sentences imposed under materially indistinguishable residual clauses, such as that in 18 U.S.C. § 924(c). This led to litigation over whether *Johnson* announced a new substantive rule, which would apply retroactively to cases on collateral review, or whether it only announced a new procedural rule, which would not necessarily apply retroactively.

On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson*'s rule substantive and thus applicable retroactively to cases on collateral review. *Welch,* 136 S. Ct. at 1265. After *Johnson* and *Welch,* Mr. Higgs's § 924(c) convictions cannot be sustained, for the reasons stated in detail in his attached § 2255 motion. *See* Exhibit 1. Mr. Higgs now requests authorization from this Court to file a successive § 2255 petition. Should leave be granted, Mr. Higgs will ask the District Court to hold the petition in abeyance pending a ruling on the Rule 60(d) motion.

**LEGAL STANDARDS**

**Mr. Higgs's petition for permission to file a successive motion in the district court under § 2255 should be granted because his petition depends on *Johnson*, and *Johnson* announced a new constitutional rule which has been made retroactive by the Supreme Court.**

      **A.     Mr. Higgs can make a sufficient showing of possible merit to warrant fuller exploration by the district court.**

The gatekeeping Antiterrorism and Effective Death Penalty Act, as set forth in § 2255(h)(2), allows a prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal prisoner must make a prima facie showing that the petition to be filed is based on a (1) previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662 (2001).

This Court has specified that a "prima facie showing" means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *United States v. Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted). To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. Rather, this standard only "relates to the possibility" that the gatekeeping "requirements for the filing of a second or successive petition" under § 2255(h)(2) will be satisfied. In other words, an applicant need only make a prima facie showing that the § 2255(h)(2) standard is met – not a prima facie showing that his claim has merit. While this determination "may entail a cursory glance at the merits . . . the focus of the inquiry must always remain on the [§ 2255(h)(2)] standards." *Williams*, 330 F.3d at 282. As further detailed below, Mr. Higgs easily satisfies the gatekeeping requirements of § 2255(h)(2).

**1.** *Johnson* announced a previously unavailable new rule of constitutional law.

First, the Supreme Court's decision in *Johnson* announced a new rule. A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). Here, the rule announced in *Johnson* is new because it expressly overruled *James* and *Sykes*, which had previously found that the residual clause was not void for vagueness. *See Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled"). Indeed, "[t]he explicit overruling of an earlier holding no doubt creates a new rule." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (citation omitted); *see Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) ("*Johnson,* we conclude, announced a *new* substantive rule.") (emphasis added); *In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015) (same).

Second, there is no question that *Johnson* announced a rule "of constitutional law." *Johnson* expressly holds that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563; *see also In re Watkins,* 810 F.3d at 380; *Price*, 795 F.3d at 732-33. It declares that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a statutory minimum or maximum sentence. *Johnson*, 135 S. Ct. at 2563.

Further, the Supreme Court has put to rest any possible dispute on this front. In *Welch*, the Court proclaimed: "It is undisputed that *Johnson* announced a new rule." *Welch,* 136 S. Ct. at 1264. *Welch* also put to rest any dispute that *Johnson*'s rule is one of "constitutional law," or that this rule was previously unavailable to Mr. Higgs. *See id.*

**2.** *Johnson* **is retroactive, and the Supreme Court has "made" it retroactive to cases on collateral review**.

So, too, does *Welch* answer the final question this Court must consider before authorizing Mr. Higgs to file his successive § 2255 motion. In *Welch,* the Supreme Court explained that *Johnson*'s rule is substantive, because that rule means the residual clause "can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that "'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause." 136 S. Ct. at 1265 (quoting *United States* v. *United States Coin & Currency*, 401 U. S. 715, 724 (1971)). Therefore, the Court held, "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id*.

**3.** *Johnson* **invalidates § 924(c)'s residual clause**.

Not only does *Johnson* narrow the scope of the ACCA's residual clause, but as relevant here, it also narrows the scope of 18 U.S.C. § 924(c), and "necessarily carr[ies] a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Schriro v. Summerlin,* 542 U.S. 348, 352 (2004). Section 924(c) criminalizes using or carrying a firearm during and in relation to a "crime of violence." After *Johnson,* certain predicate offenses cannot be categorized as "crimes of violence" consistent with the Due Process Clause. *Johnson* therefore alters what conduct § 924(c) makes criminal.

Here, Mr. Higgs stands convicted of acts that the law does not make criminal, because *Johnson* establishes that the so-called "crimes of violence" underlying his § 924(c) convictions cannot constitutionally be considered crimes of violence. *See Bousley v. United States,* 523 U.S. 614, 620 (1998). Indeed, in *Freeman v. United States,* No. 15-3687 (2d Cir. Jan. 26, 2016), upon the government's concession, the Second Circuit recently granted a motion to authorize a

9

successive § 2255 motion based on a *Johnson* challenge to a § 924(c) conviction.  The Seventh Circuit did the same in *Ruiz v. United States,* No. 16-1193 (7th Cir. Feb. 19, 2016).

**B.      Mr. Holder is entitled to authorization under 28 U.S.C. § 2255(h)(2).**

The analysis above demonstrates that Mr. Holder has made the *prima facie* showing required under 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court."

WHEREFORE, because Mr. Higgs has presented a *prima facie* showing of a tenable claim that all the requirements of § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized forthwith to file in the United States District Court for the District of Maryland the attached successive motion pursuant to 28 U.S.C. § 2255.

Respectfully Submitted,


/s/ Matthew C. Lawry                                    /s/ Stephen H. Sachs
Matthew C. Lawry                                        Stephen H. Sachs
Federal Community Defender Office                       WilmerHale LLP
    for the Eastern District of Pennsylvania            Five Roland Mews
Curtis Center, Suite 545-West                           Baltimore, MD 21210
601 Walnut Street                                       (410) 532-8405
Philadelphia, PA 19106                                  Steve.Sachs@wilmerhale.com
215-928-0520
Matthew_Lawry@fd.org


Dated: May 23, 2016

**CERTIFICATE OF SERVICE**

I, Matthew C. Lawry, hereby certify that on this 23d day of May, 2016, I electronically

filed the foregoing application using the Court's CM/ECF system. Electronic notice will be

provided to the following individuals:

> James A. Crowell IV
> Sujit Raman
> Deborah A. Johnston
> Sandra Wilkinson
> Assistant United States Attorneys
> Office of the United States Attorney
> 6500 Cherrywood Lane, Suite 400
> Greenbelt, MD 20770-1249

> /s/ Matthew C. Lawry
> Matthew C. Lawry