# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| | * |
| | * |
| **DUSTIN JOHN HIGGS,** | *     **Crim. No. PJM-98-0520** |
|           **Movant,** | * |
| | *     **Prior Civil No. PJM-05-3180** |
| **v.** | * |
| | * |
| **THE UNITED STATES OF AMERICA,** | * |
| | * |

\* \* \* \* \*

### MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255

Movant, Dustin John Higgs, through undersigned counsel, hereby files a motion to set aside the judgment against him on Counts 5, 10 and 15, in case number PJM-98-0520, pursuant to 28 U.S.C. § 2255. As explained below, Mr. Higgs's convictions under 18 U.S.C. § 924(c) must be vacated in light of the Supreme Court's recent decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).

### INTRODUCTION

1.      On October 11, 2000, Mr. Higgs was convicted of three counts of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 5, 10 and 15).[1]

2.      On June 26, 2015, the Supreme Court held in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for

---

[1] Mr. Higgs was also convicted of three counts of premeditated murder (18 U.S.C. § 1111); three counts of felony murder (18 U.S.C. § 1111); and three counts of kidnapping resulting in death (18 U.S.C. § 1201(a)(2)).

vagueness. That clause, the Court held, cannot constitutionally define a "crime of violence" for purposes of the ACCA's sentence-enhancing provisions. *See Johnson,* 135 S. Ct. at 2557.

3. On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review, including Mr. Higgs's case. *Welch,* 136 S. Ct. at 1265.

4. The residual clause of § 924(c), the statute under which Mr. Higgs was convicted, is materially indistinguishable from the clause *Johnson* invalidated. After *Johnson,* murder under § 1111 and kidnapping under § 1201 fail to categorically qualify as "crime[s] of violence." Therefore, Mr. Higgs's § 924(c) convictions are invalid.

5. The relevant portion of § 924(c) includes two alternative clauses defining "crime of violence." The first, § 924(c)(3)(A), is commonly referred to as the "force" or "elements" clause. It applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The second, § 924(c)(3)(B), is commonly referred to as the residual clause. It applies to any felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

6. This second definition, the residual clause, is indistinguishable in all material respects from the residual clause of the ACCA that the Supreme Court in *Johnson* deemed unconstitutionally vague. *See Johnson,* 135 S. Ct. at 2557. Indeed, at least three federal courts of appeals have applied *Johnson* to invalidate the residual clause of another statute, 18 U.S.C. § 16(b), a clause that is identical to that of § 924(c).[2] *See United States v. Gonzalez-Longoria,* 813

---

[2] Like § 924(c)(3), 18 U.S.C. § 16 defines a "crime of violence" as:

F.3d 225, 235 (5th Cir. 2016); *United States v. Vivas-Ceja,* 808 F.3d 719, 722 (7th Cir 2015); *Dimayo v. Lynch,* 803 F.3d 1110, 1117-20 (9th Cir. 2015). And relying on those circuits' reasoning, this Court and another district court have held § 924(c)'s residual clause to be void for vagueness as well. *See United States v. Edmundson,* 2015 WL 9582736, *3 (D. Md. Dec. 30, 2015); *United States v. Lattanaphom,* 2016 WL 393545, *3-*4 (E.D. Cal. Feb.2, 2016).

7.      The same result applies in Mr. Higgs's case. Because § 924(c)'s residual clause is void for vagueness, it cannot constitutionally define a "crime of violence" for purposes of a § 924(c) conviction. Furthermore, neither kidnapping under 18 U.S.C. § 1201 nor murder under § 1111 categorically qualifies as a "crime of violence" under the remaining force clause.

8.      Kidnapping under § 1201 may be accomplished by nonphysical, nonforcible means such as deceit or trickery. *See United States v. Wills,* 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means."); *United States v. Hughes,* 716 F.2d 234, 239 (4th Cir. 1983) (noting that a kidnapper may "use[] deceit and trickery to accomplish his purpose rather than overt force."). Kidnapping under § 1201(a) therefore does not require as an essential element the use, attempted use, or threatened use of physical force. Further, kidnapping may be accomplished without the *intentional* use, attempted use, or threatened use of physical force. Therefore, bank robbery under § 1201 categorically fails to qualify as a "crime of violence."

---

(a)      an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b)      any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

9. Murder under § 1111 also does not categorically qualify as a "crime of violence." Section 1111 explicitly states that it can be accomplished by means, e.g. poison, that do not involve strong physical force. Moreover, § 1111 allows a conviction for felony murder, which does not require the intentional use of violent force. Therefore, under § 1111, murder does not categorically qualify as a "crime of violence."

10. Because § 924(c)'s residual clause is unconstitutional, Mr. Higgs's § 924(c) convictions (1) violate due process; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3) were entered in excess of this Court's jurisdiction. Further, Mr. Higgs is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

11. Accordingly, Mr. Higgs respectfully asks this Court to grant his § 2255 motion and vacate his § 924(c) convictions. Below, Mr. Higgs provides more detailed support for this motion.

## STATEMENT OF RELEVANT FACTS

### A. Trial and Sentencing

12. On October 11, 2000, Mr. Higgs was convicted following a jury trial of three counts of use of a firearm in the commission of a crime of violence (Counts 5, 10 and 15), pursuant to 18 U.S.C. § 924(c), in addition to a combined nine counts of premeditated murder, felony murder, and kidnapping resulting in murder. *United States v. Haynes et al.*, Crim. No. PJM-98-0520.

4

13. On January 5, 2001, this Court sentenced Mr. Higgs to death on the capital counts, and to five years consecutive to the capital offenses on Count 5; 20 years consecutive to Count 5 on Count 10; and 20 years consecutive to Count 10 on Count 15.

**B.    Direct Appeals**

14. Mr. Higgs appealed to the Fourth Circuit, which upheld the convictions and sentences on direct appeal. *United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003).

15. While the direct appeal was pending, Mr. Higgs filed a motion for a new trial, alleging that the government had withheld *Brady* material relating to two witnesses. This Court denied the motion for new trial, and the Fourth Circuit again affirmed. *United States v. Higgs*, 95 F. App'x 37 (4th Cir. 2004). Certiorari was denied with respect to each appeal. *Higgs v. United States*, 542 U.S. 999 (2004); *Higgs v. United States*, 543 U.S. 1004 (2004).

**C.    Previous 2255 Petitions**

16. On November 28, 2005, Mr. Higgs filed a motion for relief under 28 U.S.C. § 2255. On April 7, 2010, this Court denied the § 2255 motion. *United States v. Higgs*, Civil No. PJM-05-3180, 711 F. Supp. 2d 479 (D. Md. 2010). On November 23, 2011, the Fourth Circuit affirmed the denial of relief. *United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011). The United States Supreme Court denied certiorari on December 10, 2012. *Higgs v. United States*, 133 S. Ct. 787 (2012).

17. On December 4, 2014, Mr. Higgs moved for relief from the judgment in the § 2255 proceeding, pursuant to Fed. R Civ. P. 60(d). *United States v. Higgs*, Crim. No. PJM-98-0520, Civil No. PJM-05-3180. The motion for relief from judgment is pending in this Court.

**D.** *Johnson v. United States*

18. On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. In that case, the Court overruled *Sykes v. United States*, 131 S. Ct. 2267 (2011), and *James v. United States*, 550 U.S. 192 (2007), and invalidated the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause. In *Johnson*, the Court held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Specifically, the Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. Finding the residual clause "vague in all its applications[,]" the Court overruled its contrary decisions in *Sykes* and *James*. *Id.* at 2562-63.

**E.** *Welch v. United States.*

19. After *Johnson* was decided, federal prisoners throughout the country sought to challenge their ACCA-enhanced sentences, as well as convictions and sentences imposed under materially indistinguishable residual clauses, such as that in 18 U.S.C. § 924(c). This led to litigation over whether *Johnson* announced a new substantive rule, which would apply retroactively to cases on collateral review, or whether it only announced a new procedural rule, which would not necessarily apply retroactively.

20. On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson*'s rule substantive and thus applicable retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1265. After *Johnson* and *Welch*, Mr. Higgs's § 924(c) convictions cannot be sustained. Accordingly, Mr. Higgs requested authorization from the Fourth Circuit to file a successive §

2255 petition. Upon leave to file being granted, Mr. Higgs will ask this Court to hold the

petition in abeyance pending a ruling on the Rule 60(d) motion.

**GROUNDS FOR RELIEF**

I.     **IN LIGHT OF *JOHNSON*, MR. HIGGS'S § 924(C) CONVICTIONS CANNOT BE SUSTAINED BECAUSE NEITHER KIDNAPPING UNDER § 1201 NOR MURDER UNDER § 1111 QUALIFIES AS A "CRIME OF VIOLENCE."**

    A.     **Section 924(c)'s Residual Clause Is Unconstitutionally Void for Vagueness.**

21.     Section 924(c) defines "crime of violence" in two ways:

> (3)     For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

> (A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

22.     The first clause, § 924(c)(3)(A), is known as the force or elements clause. The

second, § 924(c)(3)(B), is the residual clause.

23.     The ACCA, 18 U.S.C. § 924(e), provides for an enhanced penalty for those

convicted of possessing a firearm after sustaining three or more convictions for a "serious drug

offense" or a "violent felony." ACCA's definition of "violent felony" includes the residual

clause struck down in *Johnson*, a clause that is materially indistinguishable from that in §

924(c)'s residual clause. The ACCA provides:

> Any crime punishable by imprisonment for a term exceeding one year . . . that –

> (i)     Has as an element the use, attempted use, or threatened use against the person of another, or

7

> *(ii)* Is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).

24. Section 924(c)'s residual clause suffers from the same flaws that rendered ACCA's residual clause unconstitutionally vague under the required categorical approach. As with ACCA's residual clause, § 924(c)'s clause "require[s] courts to assess the hypothetical risk posed by an abstract generic version of the offense." *Welch v. United States,* 136 S. Ct. at 1262. "The 'indeterminacy of the wide-ranging inquiry' made the residual clause more unpredictable and arbitrary in its application than the Constitution allows." *Id.* (quoting *Johnson,* 135 S. Ct. at 2557).

25. The constitutional guarantee of due process, the *Johnson* Court found, cannot tolerate "condemn[ing] someone to prison for 15 years to life," the punishment prescribed under ACCA, based upon "so shapeless a provision." *Johnson,* 135 S. Ct. at 2560. Likewise, due process cannot tolerate condemning a person to death based upon § 924(c)'s equally shapeless residual clause.

26. Moreover, courts have already invalidated a residual clause identical to that in § 924(c). The residual clause of 18 U.S.C § 16(b) is the mirror image of that of § 924(c), and the Fifth, Seventh and Ninth Circuits have all struck it down following *Johnson. See United States v. Gonzalez-Longoria,* 813 F.3d 225, 235 (5th Cir. 2016); *United States v. Vivas-Ceja,* 808 F.3d 719, 722 (7th Cir 2015); *Dimayo v. Lynch,* 803 F.3d 1110, 1117-20 (9th Cir. 2015). Relying on those circuits' reasoning, this Court and another district court have held § 924(c)'s residual clause to be void for vagueness as well. *See United States v. Edmundson,* 2015 WL 9582736, *3

8

(D. Md. Dec. 30, 2015); *United States v. Lattanaphom*, 2016 WL 393545, *3-*4 (E.D. Cal. Feb. 2, 2016). This Court should do the same here.

**1.    *Johnson* expressly overruled the "ordinary case" approach to determining whether a felony qualifies as a "crime of violence."**

27.    The Supreme Court began its analysis in *Johnson* by noting that the so-called categorical approach mandates the use of a two-step framework to determine whether a crime is a violent felony within the meaning of ACCA. *Johnson*, 135 S. Ct. at 2557, 2562. As the Seventh Circuit described it: "In the first step, the court must determine 'the kind of conduct that the crime involves in the ordinary case' as opposed to the facts on the ground in the defendant's ... case." *Vivas-Ceja*, 808 F.3d at 721 (quoting *Johnson*, 135 S. Ct. at 2557). The second step also depends on the ordinary case. Specifically, the "court must gauge whether that ordinary case of the crime presents a serious potential risk of physical injury." *Id.*

28.    But this required approach to ACCA's residual clause "conspire[d] to make it unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557. The first step is problematic, the *Johnson* Court explained, because too much uncertainty exists about what constitutes the "ordinary case" of a crime. *Id.* "[T]he residual clause offers no reliable way to choose between [] competing accounts of what 'ordinary' ... involves." *Id.* at 2558. In fact, the Court explained further, statistical analysis of reported cases, Google, and gut instinct are all equally unreliable in identifying the "ordinary case." *Id.* at 2557 (quoting *United States v. Mayer*, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, C.J., dissenting from denial of rehearing *en banc*)).

29.    The second step, too, is fatally flawed because even if the "ordinary case" could indeed be determined, there would still be too much "uncertainty about how much risk it takes"

before such "ordinary case" should be deemed sufficiently serious to be categorized as a violent felony. *Vivas-Ceja*, 808 F.3d at 722 (citing *Johnson*, 135 S. Ct. at 2558).

30. Significantly, the Court's critique of the second step did not turn on the type of risk specified in ACCA's invalidated residual clause, namely, the "serious potential risk of *physical* injury." Rather, as with the first step, the Court's analysis turned on the shapeless "ordinary case" inquiry: "It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined [ordinary case] abstraction." *Johnson*, 135 S. Ct. at 2558.

31. Risk assessment, the Court made clear, is not inherently unconstitutional. *See id.* at 2561. But because risk assessment under ACCA's residual clause is based not on the facts of the actual case but on the amorphous "ordinary case," the clause is unconstitutionally vague. The indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary case" analysis is simply more than the Due Process Clause can bear. *Id.* at 2558.

32. *Johnson* thus upended not just ACCA's residual clause, but also the "ordinary case" analysis compelled by such a statutory framework. In other words, the only way to apply the residual clause is to use the "ordinary case" analysis, and the "ordinary case" analysis is impossible to apply in a constitutional manner.

### 2. For the reasons identified in *Johnson*, § 924(c)(3)(B) is also unconstitutionally vague.

33. Like ACCA's residual clause, § 924(c)(3)(B) also is unconstitutionally vague. While § 924(c)'s residual clause is not identical to ACCA's, the two clauses are functionally the same. The minor differences in wording do not affect the constitutional analysis, which shows both to be void for vagueness.

34. First, courts regularly equate ACCA's "violent felony" definition with other statutes defining crimes of violence, including 18 U.S.C. § 16(b), which as noted above is identical to § 924(c)(3)(B). *See, e.g., Chambers v. United States,* 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (collecting cases); *Roberts v. Holder,* 745 F.3d 928, 930-31 (8th Cir. 2014) (using both ACCA cases and § 16(b) cases to define the same "ordinary case" analysis).

35. Further, although the risk at issue in ACCA is risk of injury while the risk at issue in § 924(c) is that physical force will be used, both statutes require that risk be assessed via the "ordinary case" method. It is this analytical framework that infects both statutes with a due process problem.

36. Under § 924(c), just as under ACCA, courts must follow the same two-step process. First, the court must envision the "ordinary case" embodied by a felony. Second, the court must assess the quantum of risk posed by such "ordinary case." As the Fourth Circuit explained in the context of reviewing § 16(b) (which is identical to § 924):

> [E]very set of conceivable facts covered by first-degree burglary does not have to present a serious risk of injury for it to qualify as a crime of violence. It is sufficient if "the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *James,* 550 U.S. at 208. As long as an offense is of a type that, *by its nature,* presents a substantial risk that physical force against the person or property of another may be used, it satisfies the requirements of 18 U.S.C. § 16(b).

*United States v. Avila,* 770 F.3d 1100, 1107 (4th Cir. 2014) (emphasis added).

37. At least three circuits have held that because the shapeless "ordinary case" approach applies to cases under § 16(b), that statute's residual clause is void after *Johnson. See Gonzalez-Longoria,* 813 F.3d at 235; *Vivas-Ceja,* 808 F.3d at 722; *Dimayo,* 803 F.3d at 1116-17.

38. It follows that the same analysis applies to the identical residual clause of § 924(c). *See United States v. Fuertes,* 805 F.3d 485, 498 (4th Cir. 2015) (applying the "ordinary

11

case" inquiry to the § 924(c) residual clause).  Section 924(c)'s residual clause, just like those of § 16(b) and ACCA, suffers from the "double indeterminacy" that the *Johnson* Court held the Due Process Clause cannot tolerate.  *See Edmundson,* 2015 WL 9311983, at *4.

39.     Indeed, in the course of litigating *Johnson,* the United States conceded that the residual clauses contained in ACCA and § 16(b) (and necessarily in the identical § 924(c)) pose the same problem:

> Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause.  Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

*Johnson v. United States,* No. 13-7120, Supplemental Brief of Respondent United States at 22-23 (available at 2015 WL 1284964) (Mar. 30, 2015).

40.     The United States was correct in its analysis, and this Court should hold it here to the same concession.

41.     In sum, § 924(c), like ACCA, requires courts to apply "ordinary case" analysis to assess the risk involved in a predicate offense.  Because this analysis involves the same flawed steps that brought down the ACCA residual clause, § 924(c)(3)(B) also cannot survive constitutional scrutiny.  Under the due process principles articulated in *Johnson,* § 924(c)'s residual clause cannot be used to support a conviction under that statute.  Mr. Higgs's convictions under § 924(c) must be overturned because the convictions turn on a determination that the predicate offenses are "crime[s] of violence."  And both federal murder and federal kidnapping, the section that follows will demonstrate, qualify as crimes of violence only under the unconstitutional residual clause; they cannot satisfy the remaining force or elements clause.

**B. Federal Kidnapping and Murder Fail to Categorically Qualify as "Crimes of Violence" under the Force Clause of Section 924(c).**

**1. The categorical approach applies to determining whether an offense qualifies as a "crime of violence" under the force clause.**

42. In determining whether an offense qualifies as a "crime of violence" under the force clause of § 924(c), courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]." *Id.*

43. In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute, including the most innocent conduct, qualifies as a "crime of violence." *See, e.g., United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocuous conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

44. Given this, an offense will qualify as a "crime of violence" under the force clause of § 924(c) only if it has, as an element, the use, attempted use, or threatened use of "physical force" against another person. 18 U.S.C. § 924(c)(3)(A). "Physical force," in turn, has two requirements.

45. First, "physical force" must involve *violent* force – that is, "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

13

46.     Second, the use of such force "must be intentional, not just reckless or negligent." *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015); *see also Leocal v. Ashcroft*, 543 U.S. 1, 12-13 (2004).

47.     It is not enough that the statute includes some requirement of specific intent, such as the intent to deprive a person of property, or even the intent to cause injury. To qualify as a crime of violence under the "force" or "elements" clause, the statute must have as a required element the intent to use strong physical force.

48.     Applying these standards to Mr. Higgs's case requires vacatur of his convictions under § 924(c). As detailed below, the predicate offenses for which Mr. Holder was convicted, kidnapping under 18 U.S.C. § 1201(a), and murder under 18 U.S.C. § 1111, fail to categorically qualify as crimes of violence under § 924(c)'s force clause.

### 2.     Federal kidnapping does not categorically qualify as a crime of violence under the "force" clause.

49.     Under the categorical approach, federal kidnapping does not qualify as a crime of violence, because the offense can be committed through non-forceful means. As the Fourth Circuit has explained, "[a]fter *Descamps*, when a statute defines an offense using a single, indivisible set of elements that allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence." *Fuertes*, 805 F.3d at 498.

50.     For federal kidnapping to qualify as a crime of violence under the force clause, the offense must categorically have as an element the use, attempted use, or threatened use of "physical force." Federal kidnapping does not categorically require violent force. Instead, the crime may be accomplished through non-physical means, such as by "inveigling" or "decoying." 18 U.S.C. § 1201(a); *United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983) (noting that a

14

kidnapper may "use[] deceit and trickery to accomplish his purpose rather than overt force"); *see also United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means.").

51.     Because a violation of § 1201 can be committed by means of fraud or deception instead of by force, it does not categorically include the "physical force" as an element of the offense necessary to qualify kidnapping as a "crime of violence" under § 924(c)(3)(A). *See Fuertes*, 805 F.3d at 498-99 (concluding that sex trafficking by force, fraud or coercion does not categorically involve physical force); *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1127 (9th Cir. 2012) (noting that "[t]he federal kidnapping statute has no force requirement"); *United States v. Moreno-Florean*, 542 F.3d 445, 450-52 (5th Cir. 2008) (determining that California kidnapping statute did not include physical force as an element because the crime could be accomplished through non-physical means).

52.     Likewise, the requirement that the kidnapper "hold" the victim for ransom or reward does not categorically require physical force. As the Supreme Court has explained, "the act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical *or mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim." *Chatwin v. United States*, 326 U.S. 455, 460 (1946) (emphasis added). Thus, the element of "holding" may be fulfilled through non-forceful means such as "mental restraint."

53.     Moreover, the victim need not even be aware of such restraint: "[i]f the victim is of such an age or mental state as to be incapable of having a recognizable will, the confinement then must be against the will of the parents or legal guardian of the victim." *Id.* As such, a

15

kidnapper who lures a child across state lines may "seize" and "hold" the child by means of enticement (for example, through toys, games, or other amusement) without any use of physical force, as long as such actions were against the will of the parents or legal guardian. Indeed, a common kidnapping scenario—the kidnapping of a newborn from a hospital—need not involve any "violent" force, because such force would be unnecessary to restrain an infant.

54. Because kidnapping under § 1201 may be accomplished without the use of any physical force, federal kidnapping under § 1201(a) does not categorically include "physical force" as an element of the crime. 18 U.S.C. § 924(c)(3)(A). *See Fuertes*, 805 F.3d at 498-99 (concluding that sex trafficking by force, fraud or coercion did not categorically involve physical force). As a result, federal kidnapping does not categorically qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A).

### 3. Federal first degree murder does not categorically qualify as a crime of violence under the "force" clause.

55. Section 1111(a) defines first degree murder as follows:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

18 U.S.C. § 1111(a).

56. Murder under § 1111(a) thus includes the killing of a human being during the course of several enumerated felonies (felony murder) and premeditated murder. As defined by the statute, neither felony murder nor premeditated murder is categorically a crime of violence

16

under the force clause because both types of murder include some conduct that is without an element of violent physical force. *See Torres-Miguel*, 701 F.3d at 171.

57. Felony murder does not require the intentional use of violent force. For example, if a person commits a kidnapping by means of deceit or trickery (*see* subpart 2, *supra*), and the victim dies as the result of accident or reckless conduct during the course of the kidnapping, the defendant could be convicted of felony first degree murder even though the defendant did not intentionally use violent force. Indeed, for felony murder under § 1111(a), the intent element is satisfied by proving the predicate felony or felonies. *See United States v. Williams*, 4 F. Supp. 3d 1235, 1238 (D. Haw. 2014).

58. Premeditated murder also does not categorically require the use of violent force. For example, a person can intentionally (and deliberately, willfully, and with premeditation) attempt to kill another person in many ways that do not require violent physical force, such as by poisoning, trickery, or withholding life-saving medication or sustenance. *See Fuertes*, 805 F.3d at 498 ("[W]hen a statute allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence."); *Torres-Miguel*, 701 F.3d at 168-69 ("Of course, a crime may *result* in death or serious injury without involving *use* of physical force."). Indeed, the Fourth Circuit in *Fuertes* explained that poison is one way of causing death or serious injury without the use or threatened use of any physical force. 701 F.3d at 168-69.

## II. MR. HIGGS IS ENTITLED TO RELIEF UNDER 28 U.S.C. § 2255 BECAUSE HIS CLAIM UNDER *JOHNSON* IS COGNIZABLE, TIMELY, AND SATISFIES THE SUCCESSIVE PETITION REQUIREMENTS OF § 2255(H)(2).

### A. Mr. Higgs's Claim Is Cognizable Under § 2255(a).

59. A federal prisoner may obtain relief under 28 U.S.C. § 2255(a) if his conviction "was imposed in violation of the Constitution or laws of the United States," or is in excess of this

17

Court's jurisdiction. Mr. Higgs's § 924(c) convictions violate the Due Process Clause of the Fifth Amendment, violate federal law, and exceed this Court's jurisdiction. This Court therefore should grant him relief under § 2255(a).

60. First, for all the reasons explained above, Mr. Higgs's convictions on Count 5, 10 and 15, the § 924(c) charges, violate due process because they depended on the unconstitutionally vague residual clause.

61. Second, as also explained above, federal kidnapping and murder under 18 U.S.C. § 1201(a) and § 1111(a) cannot satisfy § 924(c)'s force clause. Mr. Higgs's indictment therefore failed to state an offense under § 924(c), and Mr. Higgs stands convicted of offenses that are no longer criminal. Given this, his convictions violate the laws of the United States and result in a fundamental miscarriage of justice. This is precisely the type of error that is cognizable under § 2255(a). *See Davis v. United States,* 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

62. Third, Mr. Higgs's convictions exceed this Court's jurisdiction because not only did the indictment fail to state a § 924(c) offense, it affirmatively alleged conduct that is outside that statute's reach. That is, Count 5, 10 and 15 of the Second Superseding Indictment alleged that Mr. Higgs used or carried a firearm during or in relation to murder and kidnapping, offenses that, as discussed above, do not categorically qualify as "crime[s] of violence" for purposes of § 924(c).

63. Thus, Counts 5, 10 and 15 fail to state § 924(c) offenses. Mr. Higgs's convictions on Counts 5, 10 and 15 therefore are legal nullities that were entered in excess of this Court's

18

jurisdiction, and must be vacated. *See United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (a jurisdictional defect exists "when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute"); *United States v. Barboa*, 777 F.3d 1420, 1423 n.3 (10th Cir. 1985).

### B. Mr. Higgs's Motion for Relief Is Timely.

64. Section 2255(f) requires that § 2255 motions be filed within a one-year limitations period. That period runs from the latest applicable triggering event. 28 U.S.C. § 2255(f). Among these triggers is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.*, § 2255(f)(3).

65. The Supreme Court decided *Johnson* on June 26, 2015. Mr. Higgs has filed this application within one year of that date. Further, on April 18, 2016, the Supreme Court expressly made *Johnson*'s new rule retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). This motion therefore is timely filed.

### C. Mr. Holder's Successive § 2255 Motion Satisfies the Requirements of 28 U.S.C. § 2255(h)(2) Because *Johnson* Announced a New, Previously Unavailable Rule of Constitutional Law, and the Supreme Court Has Made *Johnson* Retroactive to Cases on Collateral Review.

66. Section 2255(h)(2) imposes a gatekeeping restriction on second or successive motions. Before filing such a motion, the petitioner must obtain permission to do so from the appropriate circuit court of appeals. *See* 28 U.S.C. § 2255(h)(2). The court of appeals must certify that the successive motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.; see also* 28 U.S.C. § 2244(b)(3)(C).

19

67. Mr. Higgs files this successive § 2255 motion after requesting authorization to do so from the Fourth Circuit under § 2255(h)(2). Together with this § 2255 motion, Mr. Higgs will file a motion asking this Court to hold it in abeyance pending this Court's decision on his pending motion for relief from judgment under Rule 60(d). Because Mr. Higgs has made a *prima facie* showing that he has satisfied § 2255(h)(2), the Fourth Circuit's certification should be forthcoming.

68. Mr. Higgs can do more than make out a *prima facie* showing, however. He can demonstrate conclusively that his motion meets all the requirements of § 2255(h)(2).

69. To do so, he need only point to the Supreme Court's recent decision in *Welch*. *Welch v. United States*, 136 S. Ct. 1257 (2016). There, the Supreme Court held that *Johnson* announced a new constitutional rule, that this rule was previously unavailable, and that *Johnson*'s rule is substantive and therefore applies retroactively to cases on collateral review. *See id.* at 1265.

## III. MR. HIGGS IS ENTITLED TO A COMPLETE RESENTENCING HEARING, INCLUDING RESENTENCING BY JURY ON THE CAPITAL COUNTS.

70. Once a court determines that certain of a defendant's convictions cannot stand, § 2255 "confers a 'broad and flexible' power to the district courts 'to fashion an appropriate remedy.'" *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997) (quoting *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1996)). The court may "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

71. The Fourth Circuit has held that, where a § 924(c) count is vacated, "vacating that portion of the sentence radically changes the sentencing package." *United States v. Smith*, 115

F.3d 241, 245 (4th Cir. 1997) (citation omitted). Thus, the most appropriate remedy in such cases is a complete resentencing on the remaining counts of conviction. *Id.* In the case of capital counts, any resentencing must be done by a jury, which alone has the power to find facts that make an individual death eligible. *See Hurst v. Florida*, 136 S. Ct. 616, 619 (2016); *see also* 18 U.S.C. § 3593(b).

72.     In this case, as described in *Smith*, the three illegal § 924(c) sentences radically change the entire sentencing package that was before the Court and the jury at Mr. Higgs's original trial. In light of the broad and equitable powers in § 2255(b), Mr. Higgs respectfully requests that the Court vacate his death sentence and conduct a complete resentencing, including resentencing by jury on the capital counts.

## CONCLUSION AND PRAYER FOR RELIEF

For all the reasons set forth above, Mr. Higgs respectfully asks this Court to vacate his convictions and sentences on Counts 5, 10 and 15, the invalid charges under 18 U.S.C. § 924(c). Mr. Holder further requests the following relief:

a)     That this Court and remand this case for a new penalty phase trial on the kidnapping and murder charges.

b)     That this Court grant him leave to amend this motion, including by submitting a supplemental memorandum of law to support it.

c)     That this Court schedule a status conference on this motion at the Court's earliest convenience, and order that he be personally present at such conference.

d)     Any other relief that may be necessary to correct Mr. Higgs's invalid convictions and sentences.

Respectfully Submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

/s/ Stephen H. Sachs
Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

Dated: May 23, 2016

**CERTIFICATE OF SERVICE**

I, Matthew C. Lawry, hereby certify that on this 23d day of May, 2016, I electronically

filed the foregoing motion using the Court's CM/ECF system. Electronic notice will be provided

to the following individuals:

> James A. Crowell IV
> Sujit Raman
> Deborah A. Johnston
> Sandra Wilkinson
> Assistant United States Attorneys
> Office of the United States Attorney
> 6500 Cherrywood Lane, Suite 400
> Greenbelt, MD 20770-1249

> /s/ Matthew C. Lawry
> Matthew C. Lawry