|                              | * |              |
| IN RE: DUSTIN JOHN HIGGS     | * | NO.: 16-8    |
|                              | * |              |
| Movant                       | * |              |
|                              | * |              |

\* \* \* \* \* \*

### GOVERNMENT'S MOTION FOR A THREE-BUSINESS-DAY EXTENSION FOR FILING ITS RESPONSE

On Monday, May 23, 2016, Petitioner Dustin Higgs filed a motion for leave to file a successive habeas petition under 28 U.S.C. § 2255, and this Honorable Court ordered the United States to file a response by May 31, 2016. The United States respectfully requests a three-business-day extension, making the government's response due by Friday, June 3, 2016.

Petitioner Dustin John Higgs ("Higgs") was convicted of three counts of first-degree premeditated murder, in violation of 18 U.S.C. § 1111(a), three counts of first-degree murder committed in the perpetration or attempted perpetration of a kidnapping, see id., and three counts of kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a), arising out of the brutal January 27, 1996 killings of three young women in the Patuxent National Wildlife Refuge in Maryland. Higgs was also charged and convicted of three counts of using a firearm "during and in relation to [a] crime of violence." 18 U.S.C. § 924(c). Ultimately, Higgs received nine death sentences under the Federal Death Penalty Act, *see* 18 U.S.C. § 3591 *et seq.*, one for each murder and kidnapping count, and a consecutive 45-year sentence for the firearms convictions. This Court affirmed each of Higgs's convictions and sentences, and the Supreme Court denied certiorari. *Higgs*, 353 F.3d 281 (4th Cir. 2003), *cert. denied*, 543 U.S. 999 (2004). Higgs filed a motion for new trial, which the district court rejected; this Court affirmed. *See United States v. Higgs*, 95 Fed. Appx. 37 (4th Cir. 2004), *cert. denied*, 503 U.S. 1004 (2004). Higgs then filed a

motion for relief under 28 U.S.C § 2255, which the district court denied. This Court again affirmed, again in a lengthy published opinion authored by Chief Judge Traxler. *United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011), *cert. denied*, 133 S. Ct. 787 (2012).

Pending now before this Court is Higgs's 489-page "Application for Leave to File a Successive Motion Under 28 U.S.C. § 2255," which he filed on May 23, 2016. ECF No. 2-1. This Court requested a government response within eight days. ECF No. 4. As the above background shows, the record in this case is voluminous and requires careful review. Moreover, the U.S. Attorney's Office will be closed for the Memorial Day holiday on Monday, May 30, 2016, the day before the response is currently due.

In his pending application, Higgs does not challenge his multiple convictions for first-degree premeditated murder and kidnapping. Neither does he challenge his numerous death sentences, each of which has been upheld by this Court and by the Supreme Court after numerous challenges stretching over a dozen years. Instead, Higgs challenges only his firearms convictions (and, by extension, the associated sentences) under 18 U.S.C. § 924(c). Those convictions, in turn, are predicated upon the Petitioner's convictions (1) for "using a firearm in the commission of a crime of violence, that is either the murder or kidnapping of Tamika Black," **Exh. 1** (verdict sheet) at 1; (2) for "using a firearm in the commission of a crime of violence, that is either the murder or kidnapping of Mishann Chinn," *id*. at 2; and (3) for "using a firearm in the commission of a crime of violence, that is either the murder or kidnapping of Tanji Jackson." *Id*. at 3.

Higgs advances in his pending application the procedurally defaulted claim that his underlying convictions for first-degree murder and kidnapping "fail to categorically qualify as 'crime[s] of violence'" for purposes of § 924(c). ECF No. 2-1 at 3. On his view, the "residual

clause" of § 924(c)'s definition of "crime of violence" is void for vagueness in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which construed the differently worded and differently structured "residual clause" of the Armed Career Criminal Act. Whether the § 924(c) residual clause is unconstitutionally vague is a deeply contested issue that has split the circuits—though one would never know that in reading Higgs's application. Higgs further argues that "both murder and kidnapping fail to categorically qualify as a 'crime of violence' under [Section 924(c)'s] remaining force clause." ECF No. 2-1 at 3. Therefore, he argues "the 'crime of violence' element cannot be satisfied here under § 924(c), and the convictions are unconstitutional." Id.

The government hopes this Court will deny Higgs's application because he has failed to make even a prima facie showing that his proposed successive § 2255 motion is based on a (1) previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. § 2255(h)(2); *Tyler v. Cain*, 553 U.S. 656, 662 (2001); *United States v. Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted) ("prima facie showing" means "simply a sufficient showing of possible merit to warrant a fuller explanation by the district court"). Stated simply, Higgs's multiple convictions for first-degree premeditated murder plainly qualify as predicate "crime[s] of violence" for purposes of § 924(c). No court has held otherwise; no principle of law (found in *Johnson* or any other case) gestures differently; and simple common sense confirms that ***first-degree premeditated murder*** is an offense that, at the very least, has "as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A).

To obtain authorization to file a successive § 2255, defendant must make a prima facie showing the he is presenting "a claim that 'relies on a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *In re Vassell*, 751 F3d 267, 269 (4th Cir. 2014) (quoting 28 U.S.C. § 2244(b)(3)(C), (b)(2)(A)). But as just noted, quite apart from whether defendant has made a prima facie showing that the Supreme Court *itself* has declared that murder is not a crime of violence under § 924(c) and made that retroactive, defendant cannot establish an entitlement to relief under such a rule because the rule cannot help him. And as this Court has held, nothing in the standard for a prima facie showing "requires [this Court] to authorize a successive § 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F.3d at 271.

The United States briefly touches on the merits of this appeal here to alert the Court to the complexity of this matter. The government believes that Petitioner's application can ultimately be denied on straightforward grounds. The issue that Petitioner raises—whether murder remains a crime of violence for § 924(c)—is extremely important to the United States and the public. That issue itself warrants careful attention and thorough briefing, in the event this Court concludes it is necessary to reach that issue. Moreover, the government is aware that the U.S. Attorney's Office for the Eastern District of Virginia is currently responding to a similar petition in *In Re: Corey Johnson*, No. 16-4, and we are working closely with them to coordinate our responses in order to ensure government consistency. A three-business-day extension was granted to the government in the Corey Johnson matter. Similarly, an extension until June 3, 2016 would greatly assist the government in providing thorough and consistent briefing on this profoundly important issue.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____/s/_____

Debra L. Dwyer
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of May 2016, a copy of the foregoing Motion was delivered via ECF to Matthew C. Lawry, Federal Community Defender Office for the Eastern District of Pennsylvania; and Stephen H. Sachs, WilmerHale LLP.

By:  _____/s/_____
Debra L. Dwyer
Assistant United States Attorney