No. 16-8

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

**IN RE DUSTIN JOHN HIGGS,**

**Movant.**

_____

**REPLY IN SUPPORT OF APPLICATION FOR LEAVE
TO FILEA SUCCESSIVE MOTION
UNDER 28 U.S.C. § 2255**

_____

Matthew C. Lawry
Federal Community Defender Office
    for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

Dustin Higgs, through counsel, respectfully submits, pursuant to Rule 27(a)(4) of the Federal Rules of Appellate Procedure, this Reply to the Government's Opposition to Defendant's Application to File Successive § 2255 Motion ("Response").

## ARGUMENT

**I. MR. HIGGS HAS MADE THE NECESSARY SHOWING THAT HIS CLAIM, BASED ON THE NEW RULE OF LAW ANNOUNCED IN *JOHNSON*, WARRANTS FULL EXPLORATION BY THE DISTRICT COURT.**

The government does not dispute that Mr. Higgs's application states a claim relying on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). The government acknowledges that Mr. Higgs relies on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Recognizing that a valid claim under *Johnson* would satisfy the requirements for filing a second § 2255 motion, Response 11, the government argues that "*Johnson*'s rule invalidating the ACCA's residual clause … does not apply [here] because the defendant is not challenging an ACCA-enhanced sentence," so that even if there are "reasonable arguments why the *Johnson* rule *should* be extended to a situation like defendant's, … that is insufficient to justify a successive collateral attack." Response 11-12 (quotation marks omitted).

But in so arguing, the government omits any citation to the ample precedent that supports Mr. Higgs's current claim. **Most importantly, this Court has already authorized an application to file a successive § 2255 motion challenging a § 924(c) conviction in light of *Johnson*.** *See In re Chapman*, No. 16–246 (4th Cir. May 3, 2016).[1] This order is dispositive:

---

[1] The order in *Chapman* does not expressly state that Chapman is challenging a § 924(c) conviction, but this is clear from the pleadings. *See* Motion for an Order Pursuant to Local Rule

1

this Court should authorize Mr. Higgs's current application because, just like the applicant in *Chapman*, Mr. Higgs is seeking to challenge his § 924(c) conviction based on the new rule of constitutional law announced in *Johnson*.[2]

This Court's order in *Chapman* is consistent with those from at least three other circuit courts that have now also authorized second § 2255 motions based on claims, just like Mr. Higgs's, that *Johnson* has invalidated § 924(c)'s residual clause. *See Freeman v. United States*, No. 15–3687 (2d Cir. Jan. 26, 2016) (unpublished) (authorizing second § 2255 motion based on *Johnson*'s applicability to § 924(c)); *Ruiz v. United States*, No. 16–1193 (7th Cir. Feb. 19, 2016) (unpublished) (same); *In re Pinder*, No. 16–12084-J, 2016 WL 3081954 (11th Cir. June 1, 2016).[3] At least three district courts have also recognized that *Johnson*'s reasoning has invalidated not just § 924(e)'s residual clause but also § 924(c)'s residual clause. *See United*

---

22(d) Authorizing District Court to Consider a Successive Application under 28 U.S.C. § 2255, *In re Chapman*, No. 16–246, at 2 (Mar. 17, 2016) ("Johnson's holding equally applies to the residual clause of 18 U.S.C. § 924(c) (2012) – the statute implicated in his case – because Section 924(c)'s residual clause suffers from the same constitutional infirmities as ACCA's residual clause.").

[2] Under the standards for authorizing a second § 2255 motion, Mr. Higgs's current claim is indistinguishable from *Chapman*, because both applicants have made a prima facie showing that their claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h)(2). Any distinction of Mr. Higgs's claim from *Chapman* goes to the underlying merits of each movant's claims, which should only be addressed by the district court after full development. *See In re Williams*, 330 F.3d 277, 281-82 (4th Cir. 2003) (focus at "pre-filing authorization stage" must be on whether applicant has satisfied statutory requirements for filing second or successive motion, and "not the possibility that the claims will ultimately warrant a decision in favor of the applicant"); *In re Pinder*, No. 16–12084–J, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016) (granting application to file second § 2255 petition challenging § 924(c) conviction in light of *Johnson* while noting "[w]hether that new rule of constitutional law invalidates [applicant's] sentence must be decided in the first instance by the District Court").

[3] The Fifth Circuit has also authorized a second § 2255 motion for a claim that *Johnson* has invalidated the residual clause of U.S.S.G. § 4B1.2(a)(2). *See In re Holston*, No. 16-50213 (5th Cir. May 17, 2016) (unpublished).

*States v. Bell*, No. 15–CR–00258, 2016 WL 344749, at \*11–13 (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 2:99–CR–00433, 2016 WL 393545, at \*3–6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15, 2015WL 9311983, at \*2–6 (D. Md. Dec. 23, 2015). And though the Sixth Circuit has held that the residual clause of § 924(c) is not unconstitutionally vague, *see United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016), the Seventh and Ninth Circuits have held that the residual clause of § 16(b), with wording identical to § 924(c)'s clause, is unconstitutionally vague, *see United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

Furthermore, this Court has long recognized that § 924(e)'s residual clause is similar to § 924(c)'s residual clause, and relied on precedent addressing one to interpret the other. *See United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret definition of crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same). Thus, Mr. Higgs's claim that *Johnson* invalidated not only § 924(e)'s residual clause but also § 924(c)'s residual clause is not, as the government argues, necessarily a claim that "depends on the *extension* of precedent…." Response 10 (emphasis in original). Indeed, elsewhere in its Response, the government concedes that "[t]o be sure, *Johnson*'s reasoning provides an additional basis for challenging other differently worded residual clauses in different statutes, and some courts have extended *Johnson* in this manner." Response 9.

This Court's order in *Chapman* alone establishes that Mr. Higgs is entitled to file a second § 2255 motion. And although federal courts are divided on the import of *Johnson*, the existence of substantial precedent recognizing the merit of claims indistinguishable from Mr. Higgs's claim in and of itself further demonstrates that Mr. Higgs has made "'a sufficient

3

showing of possible merit to warrant a fuller exploration by the district court'" for this Court to authorize his second § 2255 motion. *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (quoting *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)). But even if this were not enough, the government's admission that *Johnson* provides a reasonable basis for challenging the residual clause of § 924(c) settles the matter.

Importantly, the required showing of possible merit does not relate to "the possibility that the claims will ultimately warrant a decision in favor of the applicant," but only "entail[s] a cursory glance at the merits" to determine whether Mr. Higgs has satisfied the requirements for filing a second § 2255 motion. *Williams*, 330 F.3d at 281-82. Mr. Higgs has met the standard for this Court to authorize a second § 2255 motion because he relies, as the government acknowledges, on the new rule of constitutional law announced in *Johnson* and made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016), to present a claim for relief based on the straightforward application of precedent of the Supreme Court and this Court.[4]

---

[4] The government also argues that even if Mr. Higgs can make a *prima facie* showing that he is entitled to file a successive petition under 28 U.S.C. § 2255(h)(2), such a petition would probably not be successful. Response 13-20. These arguments, however, fail to show that this Court should not grant Mr. Higgs's motion. To the extent a "cursory glance" at the underlying merits is appropriate, *Williams*, 330 F.3d at 281-82, Mr. Higgs has shown sufficient merit to warrant fuller exploration by the district court. While the government argues that kidnapping is categorically a crime of violence, it ignores the contrary authorities cited by Mr. Higgs in his proposed successive petition. *See* Motion to Vacate, Doc. No. 2-2, ¶¶ 49-54 (citing, *inter alia*, *United States v. Fuertes*, 805 F.3d 485, 498-99 (4th Cir. 2015)). Similarly, the government ignores the authorities and arguments cited by Mr. Higgs for the proposition that, applying the categorical approach required by *Descamps v. United States*, 133 S. Ct. 2276 (2013), neither felony murder nor premeditated murder categorically requires the intentional use of violent physical force. *See* Motion to Vacate, ¶¶ 55-58. The "cursory glance" at the underlying merits shows that these are issues appropriate for consideration by the district court.

## II.    THIS COURT SHOULD NOT HOLD THE APPLICATION IN ABEYANCE.

Alternatively, the government suggests that this Court should hold Mr. Higgs's application in abeyance pending the outcome of several pending matters with related issues. Response 20-22.  Mr. Higgs opposes this request.

The Supreme Court decided *Johnson* on June 26, 2015.  Mr. Higgs filed his application on May 23, 2016.  Under 28 U.S.C. § 2244(b)(3)(D), this Court will normally rule on such an application "not later than 30 days after the filing of the motion."  If this Court grants the motion within that 30 day period, Mr. Higgs's second or successive petition can be filed in the district court within the one year statute of limitations provided by § 2244(b)(2).

On the other hand, if this Court were to hold the application in abeyance and then were to grant it sometime after June 26, 2016, any petition would be filed after the expiration of the statute of limitations.  In that situation, it would be unclear if the statute of limitations was met or tolled by the filing of the application in this Court.  As a result, in order to protect Mr. Higgs's rights he would have to file either a protective (but unauthorized) petition in district court, or a separate petition under 28 U.S.C. § 2241.

Rather than enter this procedural morass, this Court should rule on the application within the 30 day time period specified in § 2244(b)(3)(D).  Like the government's arguments on the merits of the petition, its arguments for abeyance could be taken up by the district court if this Court grants the application for leave to file a successive petition.

**CONCLUSION**

For the reasons set forth herein and in Mr. Higgs's original application, Mr. Higgs respectfully requests that the application be granted and that he be authorized forthwith to file his successive motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Maryland.

Respectfully Submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

/s/ Stephen H. Sachs
Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

Dated: June 7, 2016

**CERTIFICATE OF SERVICE**

I, Matthew C. Lawry, hereby certify that on this 7th day of June, 2016, I electronically

filed the foregoing application using the Court's CM/ECF system. Electronic notice will be

provided to the following individuals:

> James A. Crowell IV
> Sujit Raman
> Deborah A. Johnston
> Sandra Wilkinson
> Assistant United States Attorneys
> Office of the United States Attorney
> 6500 Cherrywood Lane, Suite 400
> Greenbelt, MD 20770-1249

> /s/ Matthew C. Lawry
> Matthew C. Lawry