# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL COURT DIVISION - DEFENDER ASSOCIATION OF PHILADELPHIA

### SUITE 540 WEST -- THE CURTIS CENTER
### 601 WALNUT STREET
### PHILADELPHIA, PA 19106

*LEIGH M. SKIPPER*
CHIEF FEDERAL DEFENDER

PHONE NUMBER   (215) 928-1100
FAX NUMBER   (215) 928-1112
FAX NUMBER   (215) 928-0822
FAX NUMBER   (215) 861-3159

*HELEN A. MARINO*
FIRST ASSISTANT FEDERAL DEFENDER

June 9, 2016

Patricia S. Connor, Clerk
U.S. Court of Appeals for the
    Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

> Re:   **In re Higgs, No. 16-8**
>       **Dustin Higgs's Notice of Supplemental Authority,**
>       **Pursuant to Federal Rule of Appellate Procedure 28(j)**

Dear Ms. Connor:

Dustin Higgs, through counsel, submits this notice of supplemental authority, respectfully directing the Court's attention to yesterday's opinion (copy attached) in *In re Hubbard*, No. 15-276 (4th Cir. June 8, 2016). *Hubbard* is highly relevant to Mr. Higgs's pending motion for leave to file a second or successive application, for several reasons.

First, *Hubbard* confirms that a moving party is entitled to pursue a successive claim if she can clear the "relatively low bar," slip op. at 11, of making a prima facie showing that the application satisfies the requirements of § 2244. Slip op. at 5-6.

Second, *Hubbard* holds that a vagueness argument with respect to 16 U.S.C. § 16(b) is so closely related to the vagueness ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the movant's showing that *Johnson* applies is sufficient to satisfy the § 2244 standard. Slip op. at 7-17. The government has acknowledged that this issue and the Court's holding in *Hubbard* are of "paramount relevance to this case." Government's Opposition, Doc. 9-1, at 21. Moreover, this holding disposes of the government's attempt to distinguish decisions from other circuits similarly finding § 16(b) vague as having been decided on direct appeal. *See id.* at 9-10.

Third, the government's request to hold the proceedings in this Court in abeyance was based in part on the pendency of this Court's decision in *Hubbard*. Government's Opposition, Doc. 9-1, at 21. The fact that this Court has now decided *Hubbard* is yet another reason why this Court should deny the government's abeyance request and authorize the filing of the proposed successive motion in the district court, which can then decide all issues – including any abeyance request – in the first instance.

Respectfully submitted,


/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

/s/ Stephen H. Sachs
Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

## CERTIFICATE OF SERVICE

I, Matthew C. Lawry, hereby certify that on this 9th day of June, 2016, I electronically filed the foregoing application using the Court's CM/ECF system. Electronic notice will be provided to the following individuals:

James A. Crowell IV
Sujit Raman
Deborah A. Johnston
Sandra Wilkinson
Assistant United States Attorneys
Office of the United States Attorney
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770-1249

/s/ Matthew C. Lawry
Matthew C. Lawry